Filed 12/6/21  P. v. Whitehead CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C093261 |
| Plaintiff and Respondent, | (Super. Ct. No. 08F03645) |
| v. | |
| DAVID WHITEHEAD, | |
| Defendant and Appellant. | |

Defendant David Whitehead appeals from the trial court's order denying his petition for resentencing brought pursuant to Penal Code section 1170.95.[1]  He argues the court erred in relying on a special circumstance finding to conclude no prima facie showing had been made, and by ruling defendant would need to challenge the special circumstance finding by habeas corpus petition prior to seeking section 1170.95 relief.

---

[1]  Further undesignated statutory references are to the Penal Code.

1

We disagree with defendant's arguments and affirm the trial court's order.

## FACTUAL AND PROCEDURAL BACKGROUND

*Defendant's Convictions*

In 2011, following a trial in a case against defendant and his codefendants, the jury found defendant guilty of first degree murder and attempted robbery (§§ 187, subd. (a), 664/211) with special circumstances of murder during the commission of robbery (§ 190.2, subd. (a)(17)) and a personal use of a firearm enhancement (§ 12022.53, subd. (b)). (*People v. Medina* (2016) 245 Cal.App.4th 778, 781, 787 (*Medina*).)

In our opinion on direct appeal, we summarized the incident resulting in these convictions as follows: "[Defendant Brandon] Morton believed he had been 'shorted' several grams of methamphetamine in a drug sale. Morton, with [defendant Anthony Arturo] Medina and [defendant David] Whitehead, met with the woman who had made the sale. She was accompanied by her boyfriend, Jason Fletcher, and another man. Morton shot and killed Fletcher. All three defendants were convicted of first degree murder with a robbery special circumstance and attempted robbery." (*Medina, supra*, 245 Cal.App.4th at p. 781.)

In its charge to the jury at the conclusion of the parties' presentations, the trial court included CALCRIM No. 703 (Special Circumstances: Intent Requirement for Accomplice After June 5, 1990—Felony Murder (Pen. Code, § 190.2(d)), which told the jury that if it found defendant was not the actual killer, in order to prove the special circumstance true: "[T]the People must prove either that the defendant intended to kill, or the People must prove all of the following:

"1. The defendant's participation in the crime began before or during the killing;

"2. The defendant was a major participant in the crime;

"AND

"3. When the defendant participated in the crime, he/she acted with reckless indifference to human life."

2

The trial court sentenced defendant to a term of life without the possibility of parole on the murder plus 10 years for the firearm enhancement. (*Medina, supra*, 245 Cal.App.4th at p. 787.) On March 17, 2016, we upheld these convictions on appeal, but modified the judgment to award custody credits and impose and stay the sentence for attempted robbery, which the trial court had not imposed. (*Id.* at pp. 786, 793.)

*Legal Background*

Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill No. 1437), which became effective on January 1, 2019, was enacted "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) The legislation accomplished this by amending sections 188 and 189 and adding section 1170.95 to the Penal Code.

Section 188, which defines malice, now provides in part: "Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3); Stats. 2018, ch. 1015, § 2.) Section 189, subdivision (e) now limits the circumstances under which a person may be convicted of felony murder: "A participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) [defining first degree murder] in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2." (Stats. 2018, ch. 1015, § 3.)

3

Senate Bill No. 1437 also added section 1170.95, which allows those "convicted of felony murder or murder under a natural and probable consequences theory [to] file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply:  [¶]  (1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine.  [¶]  (2) The petitioner was convicted of first degree or second degree murder following a trial . . . .  [¶]  (3) The petitioner could not be convicted of first or second degree murder because of changes to [s]ection 188 or 189 made effective January 1, 2019."  (§ 1170.95, subd. (a).)

As relevant here, once a complete petition is filed, "[t]he court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section.  If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner.  The prosecutor shall file and serve a response within 60 days of service of the petition and the petitioner may file and serve a reply within 30 days after the prosecutor response is served. . . .  If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause."  (§ 1170.95, subd. (c).)

*Defendant's Petition for Resentencing*

On February 27, 2019, defendant filed a form petition in propria persona requesting resentencing under section 1170.95.  On the form, defendant declared that a complaint, information, or indictment filed against him allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine and at trial and that he was convicted of murder pursuant to the felony-murder rule or the natural and probable consequences doctrine.  He failed to make the requisite declaration that he could not now be convicted of first or second degree murder due to changes made to sections 188 and 189, and he failed to make any

4

declarations related to first degree murder, including a declaration that he was not the actual killer. The People moved to dismiss the petition, contending, inter alia, that defendant failed to make a prima facie case that he was eligible for relief because the special circumstance, found true, described that defendant was the actual killer, intended to kill, or was a major participant in the underlying felony who acted with reckless indifference to human life. The trial court appointed counsel and defendant, through counsel, filed a reply brief.

The trial court denied defendant's petition in a November 18, 2020 order without hearing in a written decision that determined defendant was ineligible for resentencing. In denying defendant's petition, the trial court made the following findings: "The court has now reviewed the pleadings of the parties and the record of conviction, and will now determine whether defendant Whitehead has set forth a prima facie case for relief under 1170.95. As set forth below, the court finds that defendant Whitehead has not set forth such a showing. [¶] At jury trial, a jury convicted defendant Whitehead of first degree murder, and found true a 190.2 attempted-robbery special circumstance and an attaching 12022.53(b) personal use of a firearm enhancement. The jury also convicted defendant Whitehead of 664/211 attempted robbery and found true an attaching 12022.53(b) personal use of a firearm enhancement." The court recognized that the jury did not find defendant guilty of a carjacking charge but reasoned: "It is beyond a reasonable doubt that the jury had simply determined that defendant Whitehead had not committed an attempted carjacking, thus did not base its conviction of first degree murder based on attempted-carjacking felony-murder theory, and for that reason found the attempted-carjacking special circumstance not true. The jury did, however, find that defendant Whitehead had committed attempted robbery, and could have found defendant Whitehead guilty of first degree murder based on a robbery-murder theory, and in any event did, in fact, determine that defendant Whitehead was a major participant in the attempted robbery who acted with reckless indifference to human life. As such, this court

5

is not compelled by 1170.95(d)(2) to issue an order to show cause and go directly to resentencing in this matter."

The court further reasoned: "[I]t appears that any issue regarding the sufficiency of the evidence of defendant Whitehead's attempted-robbery special circumstance, to show that he was a major participant in the attempted robbery who acted with reckless indifference, would now be subject to the law-of-the-case doctrine, as it was fully litigated in light of [*People v. Banks* (2015) 61 Cal.4th 788], and that decision on appeal had not become final when the [*People v. Clark* (2016) 63 Cal.4th 522 (*Clark*)] decision was rendered."[2] (See *Medina, supra*, 245 Cal.App.4th at pp. 788-791 [rejecting the *Banks*-based challenge to the special circumstance on grant and transfer for reconsideration].) The court concluded that defendant's remedy was to "first obtain postjudgment relief, such as in habeas corpus, from the special circumstances" and then file a petition for relief under section 1170.95. The court alternatively reasoned that the evidence was sufficiently substantial to support a jury finding that defendant acted with reckless indifference.

Defendant timely appealed; the case was fully briefed in May 2021 and assigned to this panel on August 13, 2021. The parties waived oral argument, and the case was submitted on October 13, 2021.

---

[2] The trial court correctly observed that this court upheld the special circumstance finding after considering *Banks*, and while we issued our decision before our Supreme Court decided *Clark, supra*, 63 Cal.4th 522, defendant subsequently petitioned for review and the Supreme Court denied the petition two days after it issued its opinion in *Clark*. However, because defendant argues that *Banks* and *Clark* must be applied together to the special circumstance at issue here in order to properly evaluate its continued validity, our prior consideration of the special circumstance in light of *Banks* does not foreclose further examination of the question of its continued validity under the *Banks/Clark* cases if the proper procedure is invoked.

6

## DISCUSSION

Defendant contends that he established a prima facie case for relief, and the trial court erred in relying on the record of conviction in reaching its decision and failing to issue an order to show cause and hold an evidentiary hearing. Defendant specifically argues the court erred in determining the special circumstance finding conclusively established his ineligibility for resentencing because the jury necessarily concluded that he was either the actual killer, a major participant, or acted with reckless indifference. He posits that because the definitions of "major participant" and "reckless indifference to human life" were clarified by our Supreme Court *after* the jury made its findings in *People v. Banks, supra*, 61 Cal.4th 788 and *Clark, supra,* 63 Cal.4th 522, the special circumstance findings from his trial are potentially invalid. Defendant asserts that because this court's opinion on remand predated *Clark* and did not thoroughly analyze the reckless indifference to human life factors listed in *Clark*, an order to show cause and evidentiary hearing is required to determine his eligibility for relief under section 1170.95. Under separate heading, he contends the trial court erred in concluding that he must seek habeas corpus relief prior to seeking section 1170.95 resentencing. The Attorney General disagrees on both points. Because we find the analyses of these issues interrelated, we will address them together.

As a preliminary matter, we observe that our Supreme Court recently held that the trial court may consider the record of conviction in determining whether the petitioner has made a prima facie showing that they fall within the provisions of section 1170.95 in *People v. Lewis* (2021) 11 Cal.5th 952, 970-972 (*Lewis*). Following *Lewis*, we conclude that the trial court properly considered the record of conviction, including the jury's special circumstance finding, in concluding that defendant failed to make a prima facie showing.

We next discuss the trial court's conclusion that the jury's special circumstance finding rendered defendant ineligible for resentencing as a matter of law and conclude

7

defendant fails to demonstrate error.  The Fourth Appellate District, Division One in *People v. Gomez* (2020) 52 Cal.App.5th 1, review granted October 14, 2020, S264033, and the Second Appellate District, Division One in *People v. Galvan* (2020) 52 Cal.App.5th 1134, review granted October 14, 2020, S264284 (*Galvan*), have reached a contrary conclusion.  (See *People v. Murillo* (2020) 54 Cal.App.5th 160, review granted Nov. 18, 2020, S264978.)  More recently, Division Five of the Second Appellate District, in *People v. York* (2020) 54 Cal.App.5th 250, review granted November 18, 2020, S264954 (*York*), criticized *Galvan.*  (See *People v. Smith* (2020) 49 Cal.App.5th 85, review granted July 22, 2020, S262835.)  The Second Appellate District, Division One then issued *People v. Allison* (2020) 55 Cal.App.5th 449, review denied December 23, 2020 (*Allison*) in direct response to *York*.  The Fourth Appellate District, Division Two, then followed *Allison* in *People v. Jones* (2020) 56 Cal.App.5th 474, review granted January 27, 2021, S265854, as did the Second Appellate District, Division Two in *People v. Nunez* (2020) 57 Cal.App.5th 78, review granted January 13, 2021, S265918.

Although certain of those cases also concern the appropriate stage in the section 1170.95 proceedings for appointment of counsel, an issue recently decided by our Supreme Court in *Lewis, supra*, 11 Cal.5th at pp. 962-967, this case does not.  Here, the trial court appointed counsel for defendant, and the issue is whether defendant was able to challenge the continued viability of the jury's special circumstance findings in a petition brought pursuant to section 1170.95.  We find *Galvan* and *Allison* and the many other reported and unreported cases that have followed these decisions more persuasive than the few cases to the contrary.

"In *Banks*, the Court evaluated existing United States Supreme Court jurisprudence on the issue and set out a series of considerations relevant to determining whether a particular defendant was a major participant in the underlying felony.  [Citation]  The Court did the same in *Clark* with respect to whether the defendant acted with reckless indifference to human life.  [Citation.]  These new considerations clarified

the requirements for the felony murder special circumstance so significantly that courts have allowed defendants to challenge the validity of pre-*Banks* and *Clark* special circumstances findings via habeas corpus, making an exception to the rule that ordinarily bars a defendant from challenging the sufficiency of the evidence in a habeas petition. (*Galvan, supra*, 52 Cal.App.5th at p. 1141, review granted.) In *Galvan*, the appellate court acknowledged these changes to section 190.2, subdivision (d) and considered whether a defendant could relitigate his special circumstance conviction using section 1170.95. (*Galvan,* at p. 1141.) There, as here, the defendant was convicted of first degree murder with a special circumstance finding under section 190.2, subdivision (a)(17), made before *Banks* and *Clark* were decided. (*Galvan,* at pp. 1138-1139.) On appeal, the defendant, like defendant here, argued that *Banks* and *Clark* had altered the meaning of "major participant" and "reckless indifference to human life" such that he was entitled to reconsideration of the conviction under section 1170.95. (*Galvan,* at p. 1137.)

The *Galvan* court first considered the relevant statutory language: "In order to be eligible for resentencing, a defendant must show that he or she 'could not be convicted of first or second degree murder *because of changes to Section[s] 188 or 189 made effective' as part of Senate Bill No. 1437*." (*Galvan, supra*, 52 Cal.App.5th at p. 1142, review granted (italics added); § 1170.95, subd. (a)(3).) The court concluded that as to *Galvan* the requirement was not met, because "[a]lthough [the defendant] is asserting that he could not now be convicted of murder, the alleged inability to obtain such a conviction is not 'because of changes' made by Senate Bill No. 1437, but because of the clarification of the requirements for the special circumstance finding in *Banks* and *Clark*. Nothing about those requirements changed as a result of Senate Bill No. 1437. Just as was the case before that law went into effect, the special circumstance applies to defendants who were major participants in an underlying felony and acted with reckless indifference to human life. If [the defendant] is entitled to relief based on *Banks* and *Clark*, the avenue

9

for such relief is not section 1170.95, but a petition for writ of habeas corpus." (*Galvan,* at p. 1142.) We agree with the trial court and the reasoning in *Galvan* that the appropriate vehicle for asserting a challenge to the special circumstances finding is by a petition for habeas corpus.

Defendant urges us to follow the opposing line of opinions, contending that because "[t]he opinion on remand did not thoroughly analyze the following reckless indifference to human life factors listed in *Clark*," the special circumstance finding is not law of the case. In one such opinion, *York, supra*, 54 Cal.App.5th 250, review granted, the appellate court considered whether a habeas petition was a preferable route to relief. (*Id.* at pp. 258-259.) The *York* court reviewed the language of section 1170.95, subdivision (d)(2), which provides a streamlined path to relief under section 1170.95 if a defendant has " 'a prior finding by a court or jury that the petitioner did not act with reckless indifference to human life or was not a major participant in the felony.' " (*York*, at p. 260.) Because the statute does not include a counterpart to this subdivision accounting for a situation where there is a prior finding that a petitioner *did* act with reckless indifference to human life and *was* a major participant in the underlying felony, the court reasoned such a finding should not preclude a petitioner from relief. (*Id.* at pp. 260-261.) The court concluded *Galvan* was incorrect when it found the defendant there could only avail himself of relief "because of" *Banks* and *Clark*, rather than Senate Bill No. 1437. Absent Senate Bill No. 1437, a successful *Banks* and *Clark* challenge would invalidate only the special circumstance finding, whereas a successful section 1170.95 petition would invalidate the murder conviction. (*York,* at p. 261.)

The *Allison* court addressed *York* after ordering briefing on the precise issue here: "Whether the trial court properly relied on [the defendant's] admission of felony-murder special circumstances (§ 190.2, subd. (a)(17)) as the sole basis for finding that he had not made a prima facie showing that he was entitled to relief." (*Allison, supra*, 55 Cal.App.5th at p. 456.) The *Allison* court first emphasized that section 1170.95

10

requires a prima facie showing by petitioner that he " '*could not* be convicted of . . . murder because of changes to Section 188 or 189 made' in Senate Bill No. 1437." (*Allison,* at p. 456.) It noted that the requirements for a finding of felony murder under the newly amended version of section 189 were *identical* to the requirements of the felony-murder special circumstance that had been in effect at the time of the challenged murder conviction (in the *Allison*'s case, 1997; in the instant case, 2014). (*Allison,* at p. 456.) Thus, the special circumstance finding showed "as a matter of law that Allison *could* still be convicted of felony murder even under the newly amended version of section 189" and precluded a prima facie showing of eligibility. (*Id*. at p. 457.)

The *Allison* court disagreed with the argument to the contrary embraced by *York*, that because no court had examined whether there was a factual basis for the special circumstance finding since *Banks* and *Clark* were decided, the finding was insufficient to show ineligibility as a matter of law. (*Allison, supra*, 55 Cal.App.5th at p. 457.) We agree with the *Allison* court that *Banks* and *Clark* did not change the law, but merely clarified the same principles that existed earlier. (See *ibid*; see also *In re Miller* (2017) 14 Cal.App.5th 960, 978.) As the *Allison* court noted, the pattern jury instructions remain the same; *Banks* and *Clark* merely resulted in the addition of *optional* language thereto. (*Allison,* at p. 457.)

We further observe that the language in section 1170.95, subdivision (d)(2) anticipates, rather than precludes, the possibility of habeas relief before a section 1170.95 petition because one way to obtain a "prior finding" that meets the subdivision's requirements is via habeas. (*In re Ramirez* (2019) 32 Cal.App.5th 384, 406.) If a defendant has successfully obtained such relief, the trial court must provide the petitioner access to section 1170.95 relief. Nothing precludes relief under section 1170.95; the language simply presumes a petitioner will pursue alternative relief first.

Finally, we disagree with *York* that reliance on a special circumstance finding to determine that a defendant cannot make a prima facie case for resentencing as a matter of

11

law requires the trial court to make "a separate determination concerning the validity of the special circumstance." (*York, supra*, 54 Cal.App.5th at p. 262, review granted.) Such reliance on the jury finding requires only a simple review of the record to determine whether the factfinder found the special circumstance to be true and what that finding entailed. Such a review of prior proceedings is fully contemplated by section 1170.95, subdivision (c) and is grounded in sound policy. As our Supreme Court observed, the purpose of section 1170.95 is "to ensure that murder culpability is commensurate with a person's actions, while also ensuring that clearly meritless petitions can be efficiently addressed as part of a single-step prima facie review process." (*Lewis, supra*, 11 Cal.5th at p. 971.) We conclude that defendant's special circumstance finding renders him ineligible for relief under section 1170.95 as a matter of law.[3]

For all of these reasons, the trial court did not err when it denied defendant's petition.

---

[3] We note that defendant also challenged the trial court's alternate reasoning that the evidence was sufficiently substantial to support a jury finding that defendant acted with reckless indifference. We need not reach the merits of this issue because we conclude the trial court properly found defendant ineligible for relief as a matter of law. The merits are properly presented as a habeas challenge, as we have explained.

## DISPOSITION

The trial court's order is affirmed.

      /s/         

Duarte, J.

We concur:

    /s/      

Blease, Acting P. J.

    /s/      

Robie, J.